IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI SEYYIDI, | : | Civil No. 3:20-cv-105 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN CRAIG A. LOWE, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

I.   **Background**

On January 14, 2020, Petitioner Ali Seyyidi ("Seyyidi"), a native and citizen of Ghana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1).  In the petition, Seyyidi requested a bond hearing or release from custody.  (*Id.* at p. 8).  At the time his petition was filed, Seyyidi was detained at the Pike County Correctional Facility.

Respondent filed a suggestion of mootness stating that Seyyidi was released on an order of supervision on April 15, 2021.  (Doc. 24; Doc. 24-1, Order of Release on Recognizance).  Respondent argues that the habeas petition is therefore moot.  (Doc. 24). In an effort to ascertain the custodial status of Seyyidi, the Court accessed the ICE Online

Detainee Locator System, which revealed no matches for detainee Ali Seyyidi.[1]  For the

reasons set forth below, the Court will dismiss the habeas petition as moot.

II.   **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual,

ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477

(1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).  "[A] petition for habeas

corpus relief generally becomes moot when a prisoner is released from custody before the

court has addressed the merits of the petition."  *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist.

LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)).

Thus, when a petitioner, who challenges only his ICE detention pending removal and not

the validity of the removal order itself, is released from custody, the petition becomes moot

because the petitioner has achieved the relief sought.  *See DeFoy v. McCullough*, 393 F.3d

439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when

a prisoner is released from custody before the court has addressed the merits of the

petition.").

In the present case, the habeas petition challenges Seyyidi's continued detention

pending removal.  (*See* Doc. 1).  Because Seyyidi has since been released on an order of

supervision, the petition no longer presents an existing case or controversy.  *See Nunes v.*

---

[1]    Upon entering Seyyidi's alien registration number, A206263984, and his country of birth,
Ghana, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results
returned no matches for any such detainee.

*Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (holding that petitioner's release from

immigration detention on an order of supervision rendered his § 2241 habeas petition moot).

Further, Seyyidi has received the relief he sought, namely, "immediate release."  (Doc. 1, p.

8).  *See Nunes*, 480 F. App'x 173 (ruling that conditional release pending removal rendered

the habeas petition moot); *see also Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d

Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention

by ICE was rendered moot once the petitioner was released).  Consequently, the instant

habeas corpus petition will be dismissed as moot.  *See Blanciak v. Allegheny Ludlum Corp.*,

77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of

adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a

court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April ___, 2021